UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MIKE TAITUAVE,

Petitioner,

v.

C. ROJAS,

Respondent.

Case No. CV 2:26-07780-JVS (RAO)

ORDER SUMMARILY DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION AND DENYING CERTIFICATE OF APPEALABILITY

## I. BACKGROUND

On July 2, 2026,[1] Petitioner Mike Taituave, a state prisoner proceeding *pro se*, constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. Dkt. No. 1 ("Pet."). Petitioner seeks habeas relief in connection with his current state custody arising from his 2012 conviction in Los Angeles County Superior Court, case number NA081157-01. Pet. at 2.

///

[1] Under the "mailbox rule," when a *pro se* prisoner gives prison authorities a pleading to mail on their behalf, the court deems the pleading constructively "filed" on the date it is signed. *Roberts v. Marshall*, 627 F.3d 768, 770 n.1 (9th Cir. 2010). The Petition was filed in this Court on July 13, 2026.

The records of this Court establish that Petitioner has filed a prior habeas petition challenging the same 2012 conviction. Petitioner's prior habeas petition was denied on the merits on November 10, 2015. *See Taituave v. Biter*, No. CV 2:14-01496-DDP-E (C.D. Cal. Nov. 10, 2015), Dkt. Nos. 37, 38 (Order Accepting Findings, Conclusions and Recommendation of Magistrate Judge and Judgment).[2]

Because neither the Petition itself nor the records of the Ninth Circuit show that Petitioner has obtained authorization from the Ninth Circuit to file a successive petition in this Court, the Petition is dismissed without prejudice.

## II. DISCUSSION

The United States Supreme Court has explained:

> The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1). In pertinent part, before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2). § 2244(b)(3)(C); *Gonzalez v. Crosby,* 545 U.S. 524, 529-530, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005); *see also Felker v. Turpin,* 518 U.S. 651, 656-657, 664, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996).

*Burton v. Stewart*, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007).

[2] The Court takes judicial notice of the docket of the habeas action filed by Petitioner in the Central District of California. *See* Fed. R. Evid. 201 (providing that a court may take judicial notice of adjudicative facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (noting that a court may take judicial notice of federal and state court records).

The Court finds that Petitioner's present Petition is clearly a second or successive habeas petition. Moreover, the Petition and records of the Ninth Circuit establish that Petitioner has not sought, and been granted, authorization by the Ninth Circuit to file a successive petition to raise his claims.

For these reasons, the Court finds that it lacks jurisdiction to consider the Petition. Therefore, the reference to the Magistrate Judge is vacated and the Petition is dismissed for lack of jurisdiction. *See Burton*, 549 U.S. at 152-53. The Clerk is directed to enter judgment dismissing the Petition.

## III. CERTIFICATE OF APPEALABILITY

Under AEDPA, a state prisoner seeking to appeal a district court's final order in a habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the district judge or a circuit judge. 28 U.S.C. § 2253(c)(1)(A). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

When the Court dismisses a petition on procedural grounds, it must issue a COA if the petitioner shows: (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

Here, the Court is dismissing the Petition without prejudice because it is a successive petition without proper authorization from the Ninth Circuit. Since the Petition is patently a successive petition, Petitioner cannot make the requisite showing that jurists of reason would find it debatable whether the district court was

correct in its procedural ruling.

## IV. ORDER

Based on the foregoing, IT IS ORDERED THAT:

1. The Petition is **DISMISSED** without prejudice for lack of jurisdiction; and
2. A Certificate of Appealability is **DENIED**.

DATED: August 03, 2026

JAMES V. SELNA
UNITED STATES DISTRICT JUDGE